UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAMIAN R. TRAPANI,

                    Plaintiff,

      -against-                                          9:21-CV-0681 (LEK/ML)

ANTHONY J. ANNUCCI, *et al.*,

                    Defendants.

_____

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

Plaintiff Damian Trapani commenced this action pro se on June 11, 2021. Dkt. No. 1. On

September 27, 2021, Plaintiff filed an amended complaint alleging violations under 42 U.S.C. §

1983 ("Section 1983") of his constitutional rights at Downstate Correctional Facility

("Downstate") and Five Points Correctional Facility ("Five Points") by defendants Anthony J.

Annucci, John Colvin, and Robert Morton (collectively, "Defendants"). Dkt. No. 11 ("Amended

Complaint"). After initial review of the Amended Complaint, this Court found two of Plaintiff's

claims could proceed: a claim arising under the Eighth Amendment's prohibition against cruel

and unusual punishment, and a claim for violation of Plaintiff's Fourteenth Amendment due

process rights. See Dkt. No. 15 at 16-17.

On January 31, 2022, Defendants filed a motion for summary judgment and dismissal

pursuant to Fed. R. Civ. P 12(b)(6). Dkt. No. 25 ("Motion"). Plaintiff's request for an extension

of time to respond to Defendants' Motion was granted on February 22, 2022; Plaintiff's response

was due by March 8, 2022. Dkt. No. 29. On March 21, 2022, the Court sua sponte extended the

deadline for Plaintiff to file a response to Defendants' Motion to April 4, 2022. Dkt. No. 31. On

March 21, 2022, Plaintiff filed a response to the Motion, Dkt. No. 32, and on March 30, 2022,

Defendants filed a reply. Dkt. No. 33.

Now before the Court is a report and recommendation issued by the Honorable Miroslav

Lovric, United States Magistrate Judge, recommending that Defendants' Motion be granted in

part and denied in part. Dkt. No. 37 ("Report-Recommendation"). For the reasons that follow,

the Court approves and adopts the Report-Recommendation in its entirety.

## II.     BACKGROUND

### A. Factual Allegations

Plaintiff's factual allegations are detailed in the Report-Recommendation, familiarity

with which is assumed. See R&R at 3; see also Dkt. No. 15 at 2-7.

### B. The Report-Recommendation

Judge Lovric found a genuine dispute of material fact regarding whether (1) Plaintiff did,

in fact, exhaust his administrative remedies, or (2) in the alternative, whether administrative

remedies were unavailable to Plaintiff. R&R at 17–18. Thus, Judge Lovric recommended

denying Defendant's motion for summary judgment which argued that Plaintiff failed to exhaust

his administrative remedies before commencing this action. R&R at 18. To resolve the dispute,

Judge Lovric recommended that the Court conduct an exhaustion hearing pursuant to Messa v.

Goord, 652 F.3d 305 (2d Cir. 2011) to determine whether Plaintiff properly exhausted his

administrative remedies. Id.

Judge Lovric then addressed Plaintiff's cruel and unusual punishment claim pursuant to

the Eighth Amendment. R&R at 18. Judge Lovric concluded that Plaintiff failed to "allege facts

plausibly suggesting the objective or subjective elements of his claim." Id. at 21. Judge Lovric

observed that "the facts are insufficient to plausibly suggest that [Plaintiff] was incarcerated

under conditions that objectively posed a substantial risk of serious harm." Id. Judge Lovric also

stated, "[Plaintiff] fails to allege facts plausibly suggesting that Defendants knew of and

disregarded an excessive risk to Plaintiff's health and safety." Id. at 22. Thus, Judge Lovric

recommended dismissing Plaintiff's Eighth Amendment cause of action for failure to state a

claim upon which relief may be granted. Id.

Next, Judge Lovric addressed Plaintiff's Fourteenth Amendment due process claim. Id. at

23. Judge Lovric explained that the Second Circuit has indicated that restrictive confinement—

like punitive segregation—without unusual conditions, for a period of up to 101 days, does not

constitute an atypical hardship. See Ortiz v. McBride, 380 F.3d 649, 654 (2d Cir. 2004); see also

R&R at 23. Judge Lovric explained, however, that for periods which fall into the "'intermediate

duration' between 101 to 305 days, 'development of a detailed record' regarding the conditions

of confinement as compared to 'ordinary prison conditions' is required" to determine whether a

prisoner's liberty interest was infringed. Chavez v. Gutwein, 20-CV-0342, 2022 WL 1487781, at

*5 (S.D.N.Y. May 11, 2022) (quoting Palmer v. Richards, 364 F.3d 60, 64-65 (2d Cir. 2004));

see R&R at 23-24. Judge Lovric found that "Plaintiff's confinement to punitive segregation was

an 'intermediate duration,' which requires the development of a detailed record regarding the

conditions of confinement to determine whether Plaintiff's liberty interest was infringed." R&R

at 24. As a result, Judge Lovric recommended denying Defendants' motion to dismiss Plaintiff's

due process claim.

Judge Lovric then addressed whether Defendants were personally involved in the alleged

constitutional deprivations. Id. at 25. Judge Lovric determined that Plaintiff's Amended

Complaint plausibly suggested personal involvement of Colvin and Morton—both

superintendents of the facilities where Plaintiff was confined to punitive segregation—but failed

to suggest personal involvement of Annucci. Id. at 25-26. Consequently, Judge Lovric

recommended granting Defendants' motion to dismiss Plaintiff's claims against Annucci for lack

of personal involvement but recommended denying Defendants' motion to dismiss with respect

to Colvin and Morton. Id. at 27.

Finally, Judge Lovric addressed Defendants' qualified immunity defense. Id. at 27–29.

Judge Lovric ultimately found Defendants' qualified immunity defense premature and

recommended that it be denied. Id. at 29.

## III. STANDARD OF REVIEW

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section

636 govern the review of decisions rendered by Magistrate Judges." A.V. by Versace, Inc. v.

Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); see also 28 U.S.C. § 636;

Fed. R. Civ. P. 72. Review of decisions rendered by Magistrate Judges are also governed by the

Local Rules. See L.R. 72.1. As 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the
> Magistrate Judge's report and recommendation], any party may
> serve and file written objections to such proposed findings and
> recommendations as provided by rules of the court. A judge of the
> court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which
> objection is made. A judge of the court may accept, reject, or
> modify, in whole or in part, the findings of recommendations made
> by the magistrate [judge]. The judge may also receive further
> evidence or recommit the matter to the magistrate [judge] with
> instructions.

28 U.S.C. § 636(b)(1). When written objections are filed and the district court conducts a de

novo review, that "*de novo* determination does not require the Court to conduct a new hearing;

rather, it mandates that the Court give fresh consideration to those issues to which specific

objections have been made." A.V. by Versace, 191 F. Supp. 2d at 406 (emphasis in original); see

also 12 Wright & Miller, Fed. Prac. & Proc. Civ. § 3070.2 (3rd ed.) (2022) ("[T]he judge to whom the objection is made must review the record and magistrate's recommendations, and must make a de novo determination of the facts and legal conclusions, receiving additional evidence and rehearing witnesses at his or her discretion. The district judge must not be a rubber stamp." (footnote omitted)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Milano v. Astrue, No. 05-CV-6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." DiPilato, 662 F. Supp. 2d at 340 (emphasis in original) (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

**IV. DISCUSSION**

After the Report-Recommendation was issued on June 21, 2022, see R&R, Plaintiff filed

his Objections to the Report-Recommendation on July 21, 2022.[1] Dkt. No. 43. Plaintiff indicated

that he "objects to the Report and Recommendation of the Magistrate Judge, recommending

dismissal of his conditions-of-confinement claims pursuant to the Eighth Amendment, on

account of [D]efendants unnecessarily placing Plaintiff back in punitive segregation, which

inhibited his ability to exercise." Obj. at 3. Plaintiff concluded, "The fact [that] Plaintiff was

placed back in punitive segregation alone, without any justification, is enough to be cruel and

unusual punishment." Id. Thus, Plaintiff's objection focuses on Judge Lovric's recommendation

to dismiss Plaintiff's Eighth Amendment cruel and unusual punishment cause of action for

failure to state a claim upon which relief can be granted. As such, the Court will conduct a de

novo review of this specific portion of the Report-Recommendation. See 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b)(3).

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570, (2007)). A court must accept as true the factual allegations

contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v.

---

[1] Plaintiff's request for an extension of time to file his objections, Dkt. No. 40, was granted by this Court with a deadline set for July 26, 2022. Dkt. No. 42. Objections were filed in the Docket on July 27, 2022, Dkt. No. 43. However, Plaintiff's filing was timely under the prison mailbox rule, which holds that a pro se prisoner meets the filing deadline if he delivers the filing to prison officials within the time specified. Cf. Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001). Plaintiff dated his objections July 21, 2022, and July 22, 2022, and they were postmarked by July 25, 2022. Dkt. No. 42 at 3–6. "Assuming that the prison mailbox rule applies to objections made to a report and recommendation, the Court deems the objection timely." Yancey v. Robertson, No. 17-CV-0381, 2019 WL 315048, at *1 (N.D.N.Y. Jan. 24, 2019). Thus, Plaintiff filed in a timely manner.

Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to

Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that

is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise

a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at

556.

The plausibility standard "asks for more than a sheer possibility that a defendant has

acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading

standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at

678 (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere

possibility of the alleged misconduct based on the pleaded facts, the pleader has not

demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678–79.

Given Plaintiff's pro se status, the Court is obligated to construe the allegations in the

Amended Complaint with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972)

(holding that a pro se litigant's complaint is to be held "to less stringent standards than formal

pleadings drafted by lawyers"). Therefore, the Court must determine whether it should accept,

reject, or modify the Magistrate Judge's recommendation to grant Defendants' motion to dismiss

for failure to state a claim upon which relief can be granted with respect to Plaintiff's Eighth

Amendment cruel and unusual punishment claim against Defendants.

The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual

punishments . . . ." U.S. Const. amend. VIII. Prison conditions may become "cruel and unusual

punishments" if prison officials act (or fail to act) with "deliberate indifference to a substantial

risk of serious harm to a prisoner." Farmer v. Brennan, 511 U.S. 825, 836 (1994). The standard

of deliberate indifference includes both subjective and objective components." Chance v.

Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (quoting Estelle v. Gamble, 429 U.S. 97, 104

(1976)).

The objective element is met when "[C]onditions of confinement . . . result in

unquestioned and serious deprivations of basic human needs." Anderson v. Coughlin, 757 F.2d

33, 34–35 (2d. Cir. 1985) (internal quotations omitted). Although the Constitution does not

mandate a comfortable prison setting, see Rhodes v. Chapman, 452 U.S. 337, 349 (1981),

"[p]risoners are entitled to 'basic human needs—e.g., food, clothing, shelter, medical care, and

reasonable safety.'" Helling v. McKinney, 509 U.S. 25, 32 (1993) (quoting DeShaney v.

Winnebago Cty. Dep't of Soc. Servs., 489 U.S. 189, 199–200 (1989)). Courts must "assess

whether society considers the risk that the prisoner complains of to be so grave that it violates

contemporary standards of decency to expose anyone unwillingly to such a risk." Helling, 509

U.S. at 25. "Ultimately, to establish the objective element of an Eight Amendment claim, a

prisoner must prove that the conditions of his confinement violate contemporary standards of

decency." Phelps v. Kapnolas, 308 F.3d 180, 185 (2d Cir. 2002) (quoting Helling, 509 U.S. at

35-36; Rhodes, 452 U.S. at 347).

To satisfy the subjective element, "the defendant 'must act with a sufficiently culpable

state of mind.'" Chance, 143 F.3d at 702 (quoting Hathaway, 37 F.3d at 66). "An official acts

with the requisite deliberate indifference when that official 'knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference.'" Chance, 143 F.3d at 702 (quoting Farmer, 511 U.S. at 837). "This mental state

requires that the charged official act or fail to act while actually aware of a substantial risk that

8

serious inmate harm will result." Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006). Put

another way, to satisfy the subjective element, defendants must act with a mens rea "consistent

with recklessness in the criminal law." Farmer, 511 U.S. at 837.

The Magistrate Judge found that "Even accepting Plaintiff's allegations as true—that

Defendants placed him in punitive segregation, did not return the bulk of his personal

belongings, and denied him his medically prescribed boots—the facts are insufficient to

plausibly suggest that he was incarcerated under conditions that objectively posed a substantial

risk of serious harm." R&R at 21. The Court agrees. Plaintiff contends that he was denied

medically prescribed boots while he was confined in punitive segregation, which hindered his

ability to properly exercise. Dkt. No. 11 at ¶ 65. But this alone is insufficient to satisfy the

objective prong. The Second Circuit has indicated that "[only] some opportunity for exercise

must be afforded to prisoners." Anderson, 757 F.2d at 35.

Here, Plaintiff does not allege that Defendants denied him the opportunity to exercise. To

the contrary, Plaintiff concedes that he was "let outside cell each day for fresh air," and afforded

recreational time. Dkt. No. 11 at ¶ 64. Moreover, Plaintiff's allegations are supported by mere

conclusory statements including the contention that "[t]he fact [that] Plaintiff was placed back in

punitive segregation alone, without any justification, is enough to be cruel and unusual

punishment," and that "Defendants unnecessarily plac[ed] Plaintiff back in punitive

segregation." Obj. at 2.[2]

_____

[2]Although the Court has already determined that Plaintiff's assertions fail the objective prong of
his Eighth Amendment claim, Plaintiff's allegations are also insufficient to satisfy the subjective
prong of his Eighth Amendment claim. Plaintiff does not show how Defendants knew of and
disregarded an excessive risk to Plaintiff's health and safety. See generally Dkt. No. 11. When
viewed in the light most favorable to Plaintiff, Plaintiff alleges that Defendants created a policy
that resulted in his punitive segregation assignment, Dkt. No. 11 at ¶¶ 55, 77, 83, but he does not
allege that Defendants "were responsible for or personally involved in the alleged

Plaintiff also requests leave to amend his Complaint. See Obj. at 3. However, to the

extent Plaintiff wishes to file an amended complaint, he must file a motion to amend pursuant to

Local Rule 15.1(a). [3]

Lastly, Plaintiff requests that the Court impose sanctions on Defendants "for making false

representations on the court." Obj. at 3. However, to the extent that Plaintiff wishes to file a

motion for sanctions, he must follow the procedures described in Fed. R. Civ. P. 11(c)(2).

Neither party filed objections to the remaining portions of the Report-Recommendation

by August 10, 2022, when they were due pursuant to Fed. R. Civ. P. 6(d) and 6(a)(1)(C). See

generally Docket. Consequently, the Court reviews the rest of the Report-Recommendation for

clear error and finds none. Therefore, the Court adopts the Report-Recommendation in its

entirety.

**V. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 37) is **APPROVED** and

**ADOPTED** in its entirety; and it is further

---

unconstitutional conditions" Plaintiff experienced in punitive segregation. Rasheen v. Adner, 356
F. Supp. 3d 222, 241 (N.D.N.Y. Jan. 28, 2019). Indeed, Plaintiff "does not plead facts suggesting
that the named defendants created or knew about the conditions." Id.

[3] "A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an
unsigned copy of the proposed amended pleading to its motion papers. Except if the Court
otherwise orders, the proposed amended pleading must be a complete pleading, which will
supersede the pleading sought to be amended in all respects. A party shall not incorporate any
portion of its prior pleading or exhibits thereto into the proposed amended pleading by reference.
The motion must set forth specifically the proposed insertions and deletions of language and
identify the amendments in the proposed pleading, either through the submission of a
redline/strikeout version of the pleading sought to be amended or through other equivalent
means." L.R. 15.1(a).

**ORDERED**, that Defendants' Motion for Summary Judgment and to Dismiss (Dkt. No. 25) is **GRANTED** with regard to (1) Plaintiff's Eighth Amendment cruel and unusual punishment claim, and (2) all of Plaintiff's claims against Defendant Annucci; and **DENIED** to the extent that it sought (1) dismissal for failure to exhaust administrative remedies, (2) dismissal on the basis of qualified immunity; and (3) dismissal of Plaintiff's Fourteenth Amendment due process claim against Defendants Morton and Colvin; and it is further

**ORDERED**, that this matter is **REFERRED BACK** to Magistrate Judge Lovric to facilitate resolution of the genuine disputes of material fact surrounding Plaintiff's exhaustion of his administrative remedies, including an exhaustion hearing; and it is further

**ORDERED**, that the Clerk serve copies of Plaintiff's Amended Complaint, Defendants' Motion for Summary Judgment and to Dismiss, and the Docket on Plaintiff; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:        September 1, 2022
              Albany, New York

LAWRENCE E. KAHN
United States District Judge

11